**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| JAMES P. FLEMING and ELIZABETH FLEMING, | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 08-5589 |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| | : | |
| Defendant and | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| | : | |
| KRAUSE-WERK GmbH & CO. KG, | : | |
| | : | |
| Third-Party Defendant. | : | |

---

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                   **OCTOBER  21,  2009**

Presently before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) filed by Third-Party Defendant Krause-Werk GmbH & Co. KG ("Krause-Werk").  For the following reasons, the Motion will be granted.

**I.      FACTS**

On November 3, 2008, Plaintiffs James and Elizabeth Fleming (the "Flemings") filed a Complaint in the Court of Common Pleas of Delaware County, Pennsylvania, against Home Depot U.S.A., Inc. ("Home Depot"), setting forth claims for negligence, breach of warranty, strict liability and loss of consortium.  The Complaint alleges that Mr. Fleming was injured when a ladder on which he was standing collapsed.  The Complaint further alleges that the ladder was sold by Home Depot and manufactured by Krause, Inc.

On December 2, 2008, Home Depot removed the Flemings' action to this Court.  On December 16, 2008, Home Depot filed a Third-Party Complaint against Krause-Werk, alleging claims for common law indemnity and common law contribution.  On April 10, 2009, Krause-Werk filed the instant Motion, arguing that this Court lacks personal jurisdiction over Krause-Werk and that collateral estoppel "bars Home Depot from relitigating whether Krause-Werk is subject to the jurisdiction of this Court."  (Mot. to Dismiss at 15.)  Krause-Werk asserts that the issue of whether this Court may exercise personal jurisdiction over Krause-Werk was previously litigated in Czarnecki v. Krause, Inc., No. 07-4384, 2008 U.S. Dist. LEXIS 67498 (E.D. Pa. Aug. 28, 2008), and that Home Depot was a party to that action and had a full and fair opportunity to litigate the issue in that proceeding.  (Id.)  After receiving several extensions of time, Home Depot filed its Response on September 11, 2009, arguing that collateral estoppel does not apply in this case because "the ladder at issue in the present case was manufactured prior to that model involved in Czarnecki."  (Resp. to Mot. to Dismiss at 2.)

**1.      Krause-Werk and Krause, Inc.**

Krause-Werk is a limited liability company organized under the laws of the Federal Republic of Germany with its principal place of business in Alsfeld, Germany.  In 1987, Krause-Werk decided to discontinue its relationship with its U.S. distributor, Demarco, and create its own U.S. manufacturing and distribution company, Krause Inc.  Krause, Inc. was a wholly-owned subsidiary of Krause-Werk and was incorporated in Illinois.

In or around 1980, Krause-Werk patented the hinge concepts for the "MultiMatic" ladder, the brand of ladder at issue here.  In 1995, Krause-Werk and Krause, Inc. executed an Intangible Property License Agreement (the "Agreement").  The Agreement gave an exclusive license to

2

Krause, Inc. to manufacture and sell ladders in North and South America using Krause-Werk's ladder patents and trademarks, including the hinge on the MultiMatic ladder and the name "MultiMatic."  Additionally, the Agreement provided that Krause-Werk would receive royalties from Krause, Inc. based on Krause, Inc.'s sales in the United States.  The Agreement also obligated the two companies to share information with each other regarding the MultiMatic ladder.

**2.      Locking Bolt Defect**

Although Krause-Werk initially developed and patented the hinge for the MultiMatic ladder, Krause, Inc. altered the composition of the hinge in the MultiMatic ladders several times in the 1990s.  For example, the original locking bolt in the hinge was uncoated.  However, in 1992, Krause, Inc. added a Teflon-containing coating called "Xylan."  Krause-Werk did not contribute to this redesign, but received samples of the redesign from Krause, Inc.  Also, prior to 1995, the locking bolt was composed of die-cast zinc.  Changes in European safety standards, however, prompted Krause-Werk to discuss with Krause, Inc. the need to redesign the bolt.  In 1997, Krause, Inc. redesigned the bolt by substituting the zinc with die-cast steel.  Krause, Inc. again sent samples to Krause-Werk, which performed tests on the redesigned bolt.  It is unclear, however, whether these samples included the Xylan coating or were simply bare steel locking bolts.

In the Spring of 1998, Krause, Inc. began receiving an increasing number of complaints about the Xylan-coated steel locking bolts.  Krause, Inc. employees performed a "shake" or "dynamic" test on the ladder, which revealed that it was possible for the locking bolt to become disengaged, causing the ladder to collapse.  As a result of the defect, Krause, Inc. recalled the

MultiMatic ladder and removed the Xylan coating from the bolts.  However, the volume of personal injury claims resulting from the defect ultimately rendered Krause, Inc. insolvent.  In 2001, Krause, Inc. entered into a Chapter 7 liquidation bankruptcy and was dissolved.

**3.     Czarnecki v. Krause, Inc.**

The issue decided in Czarnecki appears to be the same issue presently before this Court: whether Krause-Werk is subject to personal jurisdiction in the Eastern District of Pennsylvania as a result of a personal injury claim related to the defective design of the hinge in the MultiMatic ladder.  2008 U.S. Dist. LEXIS 67498, at *2-3.  The court in Czarnecki discussed Krause-Werk's lack of contacts in Pennsylvania and, applying Illinois law, determined that Krause-Werk was not the alter ego of Krause, Inc.  (Id. at *9-16.)  The court also rejected Home Depot's argument that personal jurisdiction over Krause-Werk may be exercised "based on [Krause-Werk's] own contacts with Pennsylvania under a stream-of-commerce theory."  (Id. at *16-17.)  In granting Krause-Werk's motion to dismiss for lack of personal jurisdiction, the court in Czarnecki found that:  1) Krause-Werk "had nothing to do with the design of the faulty components" of the MultiMatic brand ladder; 2) there was no "evidence to suggest that Krause-Werk intentionally directed toward Pennsylvania the product at issue"; and 3) "the contacts of Krause, Inc. cannot be imputed to Krause-Werk."  (Id. at *18-19.)

**II.     DISCUSSION**

In order for collateral estoppel to apply, the following requirements must be met:  "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action."  Cospito v. Att'y Gen. of the United States,

539 F.3d 166, 171 (3d Cir. 2008) (citing <u>Szehinskyj v. Att'y Gen. of the United States</u>, 432 F.3d 253, 255 (3d Cir. 2005)).  "A motion on the grounds of collateral estoppel or <u>res judicata</u> may be properly considered as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  <u>In re Bed Bath & Beyond Inc.</u>, No. 06-5107, 2007 U.S. Dist. LEXIS 85213, at *13 (D.N.J. Nov. 19, 2007) (citing <u>Rycoline Prods. v. C&W Unlimited</u>, 109 F.3d 883, 886 (3d Cir. 1997)).  In deciding such a motion, the court need not consider plaintiff's bald assertions or legal conclusions.  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Krause-Werk, as "the party seeking to effectuate [collateral] estoppel, has the burden of demonstrating the propriety of its application."  <u>Spyridakis v. Riesling Group, Inc.</u>, No. 09-1545, 2009 U.S. Dist. LEXIS 93507, at *12 (E.D. Pa. Oct. 6, 2009) (alteration in original) (quoting <u>Chisholm v. Def. Logistics Agency</u>, 656 F.2d 42, 50 (3d Cir. 1981)).

Here, it is undisputed that Home Depot was fully represented in <u>Czarnecki</u>.  It is also undisputed that the determination of the following issues was necessary to the decision in <u>Czarnecki</u>:  1) whether Krause-Werk designed the defect in the MultiMatic ladder; 2) whether, under Illinois law, Krause-Werk was the alter ego of Krause, Inc., so that the contacts of Krause, Inc. could be imputed to Krause-Werk; and 3) whether Krause-Werk's own contacts with Pennsylvania are sufficient for a finding of personal jurisdiction under a stream-of-commerce theory.  The only questions remaining are whether the issues here are identical to the issues in <u>Czarnecki</u> and whether those issues were actually litigated in <u>Czarnecki</u>.

As stated <u>supra</u>, Home Depot claims that collateral estoppel does not apply in this case because "the ladder at issue in the present case was manufactured prior to that model involved in <u>Czarnecki</u>."  (Resp. to Mot. to Dismiss at 2.)  Home Depot, however, does not provide any

evidence to support this claim.  Home Depot further asserts that "[t]he patented hinge concept which Plaintiff alleges caused his accident and injuries was designed, developed and patented by Krause-Werk before Krause, Inc. even existed."  (Id. at 4.)  Home Depot, however, has failed to direct the Court to where the Flemings have alleged that the "patented hinge concept" caused their injuries.  Next, Home Depot states that "the ladder in Czarnecki involved a locking bolt which was allegedly 'redesigned' by Krause, Inc. engineers, whereas the subject ladder in this case was manufactured to the strict specifications of Krause-Werk pursuant to a design by Krause-Werk engineers."  (Id. at 2.)  Home Depot again does not provide support for this claim.[1] Finally, Home Depot states that "the blueprints for the hinges patented by Krause-Werk are even identical to the blueprints on the hinges in the Krause, Inc., Underwriters Laboratories file," citing the deposition of a former Krause, Inc. employee.  (Id.)  This is the only evidence offered by Home Depot to support its position that collateral estoppel does not apply in this case, and only establishes that Krause, Inc. kept Krause-Werk's blueprints for the original hinge design on file.

Thus, Home Depot relies solely upon unsupported, unsworn statements in attempting to avoid the application of collateral estoppel.  The Court need not consider a third-party plaintiff's bald assertions or legal conclusions.  Morse, 132 F.3d at 906.  Such statements are also insufficient for purposes of establishing personal jurisdiction.  Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("[A]t no point may a plaintiff rely on the bare

---

[1] Moreover, the fact that Home Depot states that "the ladder in Czarnecki involved a locking bolt which was allegedly 'redesigned' by Krause, Inc." shows that Home Depot does not agree that with the findings of fact in Czarnecki – i.e., that Krause, Inc. redesigned the ladder at issue in that case – and seeks to relitigate the same facts here.

pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."); see also D'Onofrio v. Mattino, 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006); Smith v. Holland, No. 04-2349, 2004 U.S. Dist. LEXIS 16687, at *5 (E.D. Pa. Aug. 18, 2004).  Ignoring Home Depot's bald assertions, the Court finds nothing in the record or otherwise to differentiate the issues here from the issues in Czarnecki.  Furthermore, the Court finds that Home Depot actually litigated these issues in Czarnecki.  See Czarnecki, 2008 U.S. Dist. LEXIS 67498, at *9-19 (considering and rejecting Home Depot's arguments).  Therefore, we find that Krause-Werk has met its burden of demonstrating the propriety of the application of collateral estoppel in this case.  As such, the Court will grant Krause-Werk's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).

An appropriate Order follows.