IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. FLEMING and ELIZABETH FLEMING, | : : : | CIVIL ACTION |
| Plaintiffs, | : : | |
| v. | : | No. 08-5589 |
| HOME DEPOT USA, INC., | : : : | |
| Defendant. | : : | |

## MEMORANDUM ORDER

**AND NOW**, this   22nd   day of November, 2010, upon consideration of Defendant's Motion to Bar Warren Lieberman's Testimony Pursuant to Rule 702 and Motion for Summary Judgment (Doc. No. 38), the Responses, Replies, and supplemental briefing, including an oral argument on November 16, 2010, conducted by a conference telephone call, it is hereby ordered that the Motion to Bar Warren Lieberman's Testimony Pursuant to Rule 702 is **DENIED WITHOUT PREJUDICE** due to the following reasons:

   1. Federal Rule of Evidence 702 governs the "Testimony by Experts" as follows:

   If scientific, technical, or other specialized knowledge will assist
   the trier of fact to understand the evidence or to determine a fact in
   issue, a witness qualified as an expert by knowledge, skill,
   experience, training, or education, may testify thereto in the form
   of an opinion or otherwise, if (1) the testimony is based upon
   sufficient facts or data, (2) the testimony is the product of reliable
   principles and methods, and (3) the witness has applied the
   principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  Under the Federal Rules of Evidence, the trial judge acts as a gatekeeper to "ensure that any and all expert testimony or evidence is not only relevant, but also reliable." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993); see also Kumho Tire Co., Ltd.

v. Carmichael, 526 U.S. 137, 141 (1999). The U.S. Court of Appeals for the Third Circuit has found that "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." Elcock v. Kmart Corp., 233 F.3d 734, 741 (3d Cir. 2000) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741-43 (3d Cir. 1994)). Rule 702 has a "liberal policy of admissibility." Pineda v. Ford Motor Co., 520 F.3d 237, 244 (3d Cir. 2008).

    2. Regarding qualifications, Federal Rule of Evidence 702 has set forth that a "[c]ourt must decide whether an expert is qualified by examining his or her specialized knowledge with respect to the proposed area of testimony." Martinez v. Triad Controls, Inc., 593 F. Supp. 2d 741, 751 (E.D. Pa. 2009). At a minimum, however, "an expert must possess skills or knowledge greater than the average layman." Id. (citing Elcock, 233 F.3d at 741). In this case, Mr. Lieberman meets the specialized knowledge requirement, in part, because of his engineering qualifications which include a Bachelor of Science and Masters Degree in engineering science. (Pl.'s Resp. Def.'s Mot. to Bar Warren Lieberman's Proposed Test. and for Summ. J. at p. 2; Ex. B.) Additionally, Mr. Lieberman worked as a engineer for over fifty years, including thirty-four years with Boeing Defense and Space Group in its Helicopter Division. (Id.) His employment also included failure analysis accident investigation and accident reconstruction for the Boeing Defense and Space Group, and he has worked for Consulting Engineers & Scientists, Inc. since 1995 with responsibilities including safety, failure analysis and machine guarding. (Id.; Ex. B ¶ 3.) As such, on the present state of the record, the Court finds beyond a preponderance of the evidence that Mr. Lieberman possesses skills and knowledge greater than the average layman qualifying him to testify in this case.

3. Regarding reliability, an expert's testimony must be based on "the methods and procedures of science" rather than on "subjective belief or unsupported speculation." Martinez, 593 F. Supp. 2d at 751 (citing In re Paoli, 35 F.3d at 742). In assessing reliability, a court may consider the following nonexhaustive list of factors relevant to the facts of the particular case:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subjected to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

Id. at 751-52 (quoting In re Paoli, 35 F.3d at 742 n.8). Assessing Mr. Lieberman's testimony, I find that it is the product of reliable principles and methods. Mr. Lieberman's testimony is based upon his knowledge and use of engineering principles, as well as his own inspection of the 16 foot Krause Multi-Matic articulated ladder ("accident ladder") involved in this case and testing of an exemplar ladder. It is noted that the test of admissibility does not require a party to demonstrate that its expert's opinions are correct, but rather whether they are based upon valid reasoning and reliable methodology. Oddi v. Ford Motor Co., 234 F.3d 136, 145-46 (3d Cir. 2000). Any issues with Mr. Lieberman's conclusions based on his testimony, including the principles and methods he employed, will be tested during trial, as well as during cross-examination. See Fisher v. Walsh Parts & Serv. Co., Inc., 277 F. Supp. 2d 496, 507-08 (E.D. Pa. 2003) ("While we acknowledge that some of [the expert's] conclusions may not be proven by the methodology relied upon, 'the analysis of the conclusions themselves is for the

trier of fact when the expert is subject to cross-examination.'") (quoting Kannankeril v. Terminix, Int'l Inc., 128 F.3d 802, 806 (3d Cir. 1997)).

    4. Regarding the final factor of "fitness," I conclude that the principles and methods applied by Mr. Lieberman reliably fit the facts of the case. Mr. Lieberman's testimony pertains to the facts of this action because he suggests that Plaintiff's accident would not have occurred if the accident ladder was designed differently, and included proper warnings. Consequently, Mr. Lieberman will be permitted to testify as an expert in this case.

    **IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**. Defendant moved for summary judgment arguing that, if Mr. Lieberman's testimony is excluded, summary judgment must be granted in its favor regarding all of the causes of action. See Oddi, 234 F.3d at 159 (stating that, in a design defect case, expert testimony is generally required). Since Mr. Lieberman's testimony is not excluded, Defendant's Motion for Summary Judgment is **DENIED**.

    Upon examination of the expert reports and deposition testimony of both parties' experts, as well examination of Plaintiff's deposition testimony, I have set forth the following nonexhaustive list of factual issues existing in this case: (1) whether a defect in the design of the accident ladder proximately caused Plaintiff's injury; (2) if so, whether the accident ladder had appropriate warnings; (3) whether Plaintiff set up the accident ladder safely or was it the proximate cause of his injury; (4) whether Mr. Lieberman tested the accident ladder with the right center hinge lock functional; (5) whether Plaintiff was moving or stationary on the accident ladder at the time of the accident; (6) what rung of the accident ladder was Plaintiff on at the time of the accident; (7) what was the position of the ladder at the time of the accident (i.e., was the

release bar facing towards Plaintiff or the house); (8) whether Mr. Lieberman's exemplar ladder had zinc bolts, as he says that it did, or did it have steel bolts as contended by Defendant's expert, Jon P. Ver Halen, P.E.; and (9) whether the left center hinge lock of the accident ladder was in an unlocked position and the right center hinge lock was fractured (as Mr. Lieberman contends) or was the left center hinge lock fractured and the right center hinge lock in an unlocked position (as Mr. Ver Halen contends).

6. According to the Revised Scheduling Order dated October 6, 2010 (Doc. No. 37), the parties' Joint Pretrial Order shall be filed within seven (7) days of the date of this order. The trial date is Monday, December 6, 2010.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE